■ Oaks Garage, Inc., Respondent, v Phillip Hubbs et al., Appellants. [668 NYS2d 538] —Order unanimously affirmed without costs for the reasons stated in decision at Supreme Court, Harvey, J. (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Amend Pleadings.) Present—Green, J. P., Lawton, Wisner, Callahan and Fallon, JJ.

■ In the Matter of Justin F., a Child Alleged to be Permanently Neglected. Chautauqua County Department of Social Services, Respondent; Brenda F., Appellant. [668 NYS2d 538] —Order unanimously affirmed without costs. Memorandum: We reject the contention of respondent that petitioner failed to make diligent efforts to strengthen and encourage her relationship with her child (see, Social Services Law § 384-b [7] [a], [f]). Petitioner established by clear and convincing evidence that it made "affirmative, repeated, and meaningful efforts" to assist respondent, including reasonable attempts at providing counseling, scheduling regular visitations with the child and providing services to respondent to overcome problems that prevented the discharge of her child into her care (Matter of Sheila G., 61 NY2d 368, 385; see, Social Services Law § 384-b [7] [f]). In spite of those efforts, respondent was uncooperative. We therefore conclude that petitioner fulfilled its duty (see, Matter of Sheila G., supra, at 384-385).

We reject the further contention of respondent that Family Court erred in transferring custody and guardianship of the child to petitioner, rather than ordering a one-year suspended judgment pursuant to Family Court Act § 633 (cf., Matter of Jelissa Ninette O., 233 AD2d 874). Rather, the record supports the court's determination that the best interests of the child would be promoted by transferring his guardianship and custody to petitioner (see, Matter of Star Leslie W., 63 NY2d 136). (Appeal from Order of Chautauqua County Family Court, Hartley, J.—Terminate Parental Rights.) Present—Green, J. P., Lawton, Wisner, Callahan and Fallon, JJ.